UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
09/27/2019

_____

In re:
    Matthew C. Abel,
          Debtor.
_____

Chapter 13
Case # 19-10010

In re:
William K. Harrington, U.S. Trustee,
          Plaintiff,
    vs.
Synergy Law, LLC, Synergy Attorney
Services, LLC, Sheldon M. Katz,
Scott Marinelli, Dave Maresca,
Monica Chapman, Stephanie Turk,
Georgia Myers, and Terrylle Blackstone,
          Defendants.
_____

Adversary Proceeding
# 19-01003

**MEMORANDUM OF DECISION**
GRANTING IN PART, DENYING IN PART, AND STAYING IN PART THE U.S. TRUSTEE'S MOTION FOR
DEFAULT JUDGMENT AGAINST THE SYNERGY DEFENDANTS

      This matter comes before the Court on the motion of the U.S. trustee ("UST") for default judgment (doc. # 19, the "Motion") on the complaint against defendants Synergy Law, LLC ("Synergy Law"), Synergy Attorney Services, LLC ("Synergy Services"), and Scott Marinelli, Dave Maresca, Monica Chapman, Stephanie Turk, Georgia Myers, and Terrylle Blackstone, who are all current or former employees of Synergy Law (collectively, the "Synergy Defendants"). In his complaint, the UST requests the Court: (1) examine the transactions between the Debtor, Attorney Katz, and the Synergy Defendants, and order disgorgement of any fees deemed unreasonable, pursuant to 11 U.S.C. § 329;[1] (2) assess a $500 fine against the Synergy Defendants for each violation of § 110(b)(1)(A), (b)(1)(B), (b)(2)(A), (b)(2)(B)(i), (b)(2)(B)(iii), (c), (d), (e), (f), (g), and (h)(2), pursuant to § 110(l)(1); (3) triple all such fines the Court imposes against the Synergy Defendants, pursuant to § 110(l)(2)(D); (4) order disgorgement of all fees paid to the Synergy Defendants by or on behalf of the Debtor, pursuant to

---

[1] All statutory citations refer to Title 11 of the United States Code ("Bankruptcy Code"), unless otherwise indicated.

§ 110(h)(3)(B); (5) enjoin the Synergy Defendants from acting as bankruptcy petition preparers in the District of Vermont, pursuant to § 110(j)(2); (6) enter a judgment against the Synergy Defendants for their intentional violation of § 526(a)(3), impose a civil penalty and enjoin the violation of that section, pursuant to § 526(c)(5); and (7) enter a judgment against the Synergy Defendants for their intentional violation of § 528(a)(1)(A), (a)(1)(B), (a)(2), and (b)(2), impose a civil penalty for that violation, and enjoin them from violating that statute in the future, pursuant to § 526(c)(5) (doc. # 1, the "Complaint").

For the reasons discussed below, the Court grants the Motion in part, denies the Motion in part, and stays the Motion in part.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered on June 22, 2012. This a core proceeding arising under Title of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A).

## PROCEDURAL HISTORY

On January 9, 2019, the Matthew C. Abel (the "Debtor") commenced a chapter 13 case by filing a petition, certificate of credit counseling, schedule D listing three secured creditors, Rule 2016(b) disclosure of compensation of attorney for debtor showing the Debtor had agreed to pay $3,500, and had already paid $1,000, to attorney Sheldon Michael Katz ("Attorney Katz"), and a creditor mailing matrix including just the three secured creditors set out in schedule D (case # 19-10010, doc. # 1, the "Petition Documents").

On January 11, 2019, the Clerk's Office issued a deficiency notice alerting the Debtor of his obligation to file the balance of required documents by January 23, 2019 (id. at doc. # 2). The Debtor filed a motion to extend the time to file the documents (id. at doc. # 4, the "Motion to Extend"), and the Court extended the deadline to January 25, 2019 (id. at doc. # 8). On January 28, 2019, the Court issued an Order directing the Debtor to appear at a hearing on February 8, 2019, and show cause why this case should not be dismissed based on the Debtor's failure to file the required documents by the January 25th deadline (id. at doc. # 10, the "Order to Show Cause").

On February 6, 2019, Attorney Katz filed a motion to withdraw as the Debtor's attorney,[2] with a stipulation signed by both Attorney Katz and Debtor attached, asserting the Debtor "has made no payments to attorney" (id. at doc. # 13). This statement contradicted the Attorney Disclosure Statement Mr. Katz had filed, in which he certified he had received $1,000 prior to the filing of the case (id. at doc. # 1), and the Court scheduled the motion to withdraw for hearing on February 8, 2019 (id. at doc. # 14).

---

[2] In his motion to withdraw, Attorney Katz's signature line represented his position in the case as "Local Counsel on behalf of Synergy Law LLC" (case # 19-10010, doc. # 13).

2

On February 7, 2019, the Debtor filed a motion seeking to continue the February 8th show cause hearing until February 25, 2019, asserting <u>inter alia</u> that he hired Synergy Law on January 3, 2019, Synergy Law "fraudulently misrepresented their counsel and representation to the Debtor and [Attorney] Katz" (<u>id.</u> at doc. # 15). The Debtor's motion also stated Attorney Katz had been unaware of Synergy Law's fraudulent actions at the time this case was filed and moved to withdraw as Debtor's counsel as soon as he learned of Synergy Law's misconduct (<u>id.</u>). In light of the allegations of fraudulent conduct by Synergy Law and the inconsistent representations to the Court with respect to the payment of pre-petition attorney's fees, and time being of the essence to address those serious issues, the Court denied the motion to continue and directed the Debtor, Attorney Katz, and any new attorney the Debtor had retained, to appear at the hearing on February 8, 2019, to address the legal and ethical issues raised by the bankruptcy filing, the Order to Show Cause, Attorney Katz's motion to withdraw, and the motion to continue (<u>id.</u> at doc. # 16).

At the hearing held on February 8, 2019, Attorney Katz appeared on behalf of the Debtor, Amy Ginsberg, Esq., appeared on behalf of the UST, and Jan Sensenich, Esq., appeared in his capacity as the chapter 13 trustee. Attorney Katz described the factors underlying his decision to represent the Debtor in this case, and his relationship with Synergy Law. He emphasized that he had intended his representation of the Debtor to be "ad hoc" and temporary, and explained that he had only agreed to appear, even in that ad hoc capacity, because of the Debtor's dire circumstances and apparent need for an emergency bankruptcy filing. Attorney Katz also asserted he had not been paid any fees for representing the Debtor, notwithstanding his signature on the statement of attorney compensation filed in this case, which indicates he was paid $1,000 pre-petition in connection with the case (<u>see id.</u> at doc. # 1). In response to this explication of the Debtor's filing and Attorney Katz's purported role in that process, the UST articulated several concerns and stated her intention to engage in discovery and investigate potential violations of controlling statutes and rules. At the conclusion of the parties' representations, the Court determined more information was required before it could rule on the pending motions, continued the hearing to March 8, 2019, and directed Attorney Katz to cooperate with the UST in his investigation of the facts surrounding the filing of this case and the Debtor's representation.

On March 7, 2019, one day before the scheduled hearing and § 341 meeting of creditors at which both Attorney Katz and the Debtor were to appear, Attorney Katz filed a motion seeking to voluntarily dismiss the case (<u>id.</u> at doc. # 30). After the hearing held on March 8, 2019, the Court dismissed the case with prejudice and issued an 18-month filing bar (<u>id.</u> at doc. # 31). On March 26, 2019, the UST filed a letter requesting the case be held administratively open, as he anticipated filing a complaint regarding the conduct of Synergy Law and Attorney Katz leading up to and during the pendency of the Debtor's

3

bankruptcy case (id. at doc. # 32). The UST then commenced this adversary proceeding on April 15, 2019 (adversary proc. # 19-01003, doc. # 1).[3]

On April 15, 2019, the Clerk issued a summons, establishing a deadline of May 15, 2019, for the filing of answers (doc. # 2). None of the Synergy Defendants filed an answer. The UST filed the instant Motion on June 12, 2019 (doc. # 19), and filed a motion for Clerk's entry of default on June 20, 2019 (doc. # 22). On June 21, 2019, the Court held a hearing on the Motion, at which Amy Ginsberg, Esq., appeared on behalf of the UST, and Sheldon Katz, Esq., appeared on his own behalf. There were no appearances on behalf of the Synergy Defendants. At that hearing, the Court granted the UST's motion for Clerk's entry of default as to the Synergy Defendants and took the instant Motion under advisement.

On August 16, 2019, Synergy Law filed a petition for relief under Chapter 7 of the Bankruptcy Code (In re Synergy Law, LLC, case # 19-00555-SMT (Bankr. D.D.C.)). The Court takes judicial notice of that filing. See Teamsters Nat'l Freight Indus. Negotiating Comm. v. Howard's Express, Inc. (In re Howard's Express, Inc.), 151 Fed. Appx. 46, 48 (2d Cir. 2005) (taking judicial notice of bankruptcy court docket as public filing) (citing Kavowras v. N.Y. Times Co., 328 F.3d 50, 57 (2d Cir. 2003)).

## DISCUSSION

### A.    SERVICE UPON DEFENDANT GEORGIA MYERS WAS INSUFFICIENT

Service of the summons and complaint in this adversary proceeding is governed by Rule 7004, which states, in relevant part:

> [S]ervice may be made within the United States by first class mail postage prepaid as follows:
>> (1) Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession.
>> …
>> (3) Upon a domestic or foreign corporation … by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process ….

Fed. R. Bankr. Proc. 7004(b)(1), (b)(3).

Here, the UST effectuated proper service upon all of the Synergy Defendants, except for Georgia Myers. The UST served Ms. Myers by first class mail at two addresses (doc. # 5), but both envelopes were returned to the United States trustee with the envelopes marked "RTS" or "Return to Sender" (doc. # 19, ¶ 3). The UST did not attest to any supplemental service to Ms. Myers, and the record does not demonstrate either address was Ms. Myers' home or business address at the time of service, or that she

---

[3] All docket citations hereafter refer to the instant adversary proceeding # 19-01003, unless otherwise indicated.

otherwise received actual notice of this adversary proceeding. Accordingly, the Court finds that service upon Ms. Myers was insufficient. See United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1378 (2010) (due process requires "notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'") (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

B. DEFAULT JUDGMENT STANDARD

Federal Rule of Civil Procedure 55, as made applicable by Federal Rule of Bankruptcy Procedure 7055, is a two-step process requiring first an entry of default from the Clerk, and then a default judgment. See Fed. R. Civ. Proc. 55(a), (b); see also Vt. LBR 7055-1(a). Here, the Clerk's entry of default has been entered (doc. # 26). When, as here, the plaintiff seeks a judgment by default that is not for a sum certain, that party must apply to the Court for that judgment. See Fed. R. Civ. Proc. 55(b)(1), (b)(2). This Court is required to accept as true the UST's factual allegations as to the remaining Synergy Defendants[4] and draw all reasonable inferences in the UST's favor, but is also required to determine whether the allegations establish their liability as a matter of law. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

C. INITIAL QUESTION OF THE APPLICABILITY OF THE AUTOMATIC STAY

Once Synergy Law commenced its bankruptcy case, the automatic stay protected it – as it protects all debtors – from most proceedings that would affect the debtor, property of the debtor, or property of the bankruptcy case, including the "continuation … of a judicial … action or proceeding against the debtor that was … commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1); see In re Carpenter, No. 15-10046, 2015 Bankr. LEXIS 1535, *2, 2015 WL 1956272, *1 (Bankr. D. Vt. Apr. 29, 2015).

The stay is, however, subject to some exceptions. The "governmental unit" exception provides that the automatic stay provision does not extend to:

> the commencement or continuation of an action or proceeding by a governmental unit … to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power.

11. U.S.C. § 362(b)(4). The purpose of this exception "is to prevent a debtor from 'frustrating necessary governmental functions by seeking refuge in bankruptcy court.'" SEC v. Miller, 808 F.3d 623, 631 (2d Cir. 2015) (quoting SEC v. Brennan, 230 F.3d 65, 71 (2d Cir. 2000)). As the legislative history plainly states,

---

[4] For the reasons discussed in section A above, "Synergy Defendants" should be read hereafter as excluding Defendant Georgia Myers.

5

> [W]here a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay.

H. R. Rep. No. 95-595, at 343 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6299 (emphasis added); see also Miller, 808 F.3d at 631. The exception "permits the entry of a money judgment against a debtor so long as the proceeding in which such a judgment is entered is one to enforce the governmental unit's police or regulatory power." Brennan, 808 F.3d at 71–72 (collecting cases) (emphasis in original).

Bankruptcy Code § 110 was enacted "to protect consumers from abuses by non-lawyer bankruptcy petition preparers," In re Moore, 2012 Bankr. LEXIS 4655, *19, 2012 WL 4659873, *7 (Bankr. E.D.N.Y. Sep. 28, 2012) (quoting In re Bradshaw, 233 B.R. 315, 325 (Bankr. D.N.J. 1999)), supplemented, 2012 Bankr. LEXIS 4694, 2012 WL 4718126 (Bankr. E.D.N.Y Oct. 3, 2012), and empowers the UST to enforce its protections. See 11 U.S.C. § 110(h)(4), (i)(1), (j)(3), (l)(3). Similarly, § 526 and the related provisions of § 528 were enacted as consumer protection provisions "strengthening professionalism standards for attorneys and others who assist consumer debtors with their bankruptcy cases,'' H.R. Rep. No. 109-31, at 17 (2005); see also 4 Collier on Bankruptcy ¶ 526.LH (16th ed. 2019), and § 526 empowers the UST to enforce their protections. See 11 U.S.C. § 526(c)(5).

Here, the Motion fits squarely within the governmental unit exception as enforcing the consumer protections set forth in §§ 110, 526, and 528. Accordingly, the Court finds that continuation of this matter under the UST's enforcement powers is not stayed by § 362.[5]

### D.   SYNERGY DEFENDANTS ARE BANKRUPTCY PETITION PREPARERS

The Motion alleges the Synergy Defendants are bankruptcy petition preparers as that term is defined in the Bankruptcy Code (doc. # 1, ¶ 25). A bankruptcy petition preparer is

> a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation … a petition or any other document prepared for filing by a debtor in a United States bankruptcy court ….

11 U.S.C. § 110(a)(1), (2). There is no evidence in the record that an attorney associated with the Synergy Defendants assisted the Debtor, or was involved, in the preparation of the Petition Documents. Synergy Law and one or more of the other Synergy Defendants prepared the Petition Documents and Motion to Extend (doc. # 1, ¶¶ 42, 58, 61, 92). Synergy Law purported to be a law firm (doc. # 1, ¶¶ 56–57), but only non-attorneys were involved in preparing the Petition Documents (id. at ¶¶ 16–21, 23, 31–32, 43, 89, 118). Although Defendant Scott Marinelli was at one point an attorney licensed to practice in New Jersey,

---

[5] As the Court does not need to address disgorgement under § 329 (see Section F(i), n. 9, infra), there is no need to address whether § 362 stays the UST's request for relief on that basis.

his license was suspended on August 25, 2017 (id. at ¶ 19), and there is no evidence in the record it was ever reinstated; thus, the Court considers him a non-attorney in this case. Prior to the filing of the case, Attorney Katz did not personally sign the petition, witness the Debtor personally sign the petition or creditor mailing matrix, possess the petition or creditor mailing matrix, prepare or supervise the preparation of the petition and related documents, review the documentation supporting the information contained therein, or review the Rule 2016(b) statement (doc. # 1, ¶¶ 37–41, 52).

Accordingly, the Court finds the Synergy Defendants acted as bankruptcy petition preparers in their dealings with the Debtor in this case. In that regard, this Court aligns itself with other bankruptcy courts that have found Synergy Law and affiliated parties are bankruptcy petition preparers under § 110. See In re Shippy, 2019 Bankr. LEXIS 2458, *10, 2019 WL 3713684, *3 (Bankr. D. S.C. Aug. 6, 2019) ("[W]hile Synergy [Law, LLC] purports to be a law firm, only non-attorney individuals assisted [the debtor], with negative consequences. Thus, Synergy acted as a bankruptcy petition preparer in this matter."); see also Lynch v. Maresca et al. (In re McNeil), Adv. Proc. # 19-00014 (E.D.N.C. Jul 29, 2019) (granting default judgment against Dave Maresca, Scott Marinelli, Monica Chapman, Synergy Law, and Synergy Services, under 11 U.S.C. §§ 110 and 526).

E.    SYNERGY LAW AND SYNERGY SERVICES ARE DEBT RELIEF AGENCIES

The Motion also alleges the Synergy Defendants are debt relief agencies as that term is defined in the Bankruptcy Code (doc. # 1, ¶ 24). A debt relief agency is, in relevant part, "any person … who is a bankruptcy petition preparer under section 110, but does not include— (A) any person who is an officer, director, employee, or agent … of the bankruptcy petition preparer …." 11 U.S.C. § 101(12A).

The Court has found the Synergy Defendants acted as bankruptcy petition preparers in this case (see Section D, supra) and thus they are also debt relief agencies.[6] However, the record here is insufficient to establish that Defendants Scott Marinelli, Dave Maresca, Monica Chapman, Stephanie Turk, and Terrylle Blackstone each individually provided services to the Debtor sufficient to overcome their exclusion under subparagraph (A). See Milavetz, Gallop & Milavetz, P.A. v. United States, 559 U.S. 229, 238 (2010) ("a partnership's employees and agents are exempted from § 101(12A) in the same way as the employees and agents of other organizations."); see also 2 Collier ¶ 101.12A ("Milavetz suggests that if the employee is a professional who provides bankruptcy-related services to consumer debtors, then the employee is a 'debt relief agency' and if the employee does not provide such services, then the employee qualifies for the exclusion."). Thus, the Court finds Synergy Law and Synergy Services were

---

[6] A debt relief agency is also "any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration," and an assisted person is one "whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $192,450." 11 U.S.C. § 101(3), (12A). The record does not establish the Synergy Defendants also meet this alternative requirement, as the value of the Debtor's nonexempt property is not specified in the Complaint (doc. # 1) or the Petition Documents (case # 19-10010, doc. # 1).

7

acting as debt relief agencies in their dealings with the Debtor in this case.

F.     SYNERGY DEFENDANTS MUST DISGORGE FEES AND PAY SANCTIONS FOR VIOLATIONS OF § 110

The Court turns first to the UST's allegations under Bankruptcy Code § 110. The UST seeks as relief against the Synergy Defendants disgorgement of fees under § 110(h)(3)(B), fines under § 110(l)(1), treble fines under § 110(l)(2)(D), and injunctive relief under § 110(j)(2) (doc. # 1). Under § 110, bankruptcy petition preparers are required, inter alia, to "notify debtors in writing that they are not attorneys and to provide their identifying information to the courts on any bankruptcy documents, sign all such documents, provide copies of the documents to the debtors, and file a fee disclosure statement." Jonak v. McDermott, 511 B.R. 586, 595 (D. Minn. 2014). "Section 110 provides penalties for persons who negligently or fraudulently prepare bankruptcy petitions." Shippy, 2019 Bankr. LEXIS 2458 at *9, 2019 WL 3713684 at *3. Because the Synergy Defendants acted as bankruptcy petition preparers in this case, their conduct falls within the purview of § 110.

i. *Disgorgement of Fees under § 110(h)(3)(B)*

Section 110 provides in relevant part that "[a]ll fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection [(h)] or subsection (b), (c), (d), (e), (f), or (g)." 11 U.S.C. § 110(h)(3)(B). Thus, the Court must determine whether the Synergy Defendants failed to comply with any of those subsections.

Several of the subsections require a bankruptcy petition preparer to make certain disclosures. Subsection (b)(1) requires a bankruptcy petition preparer, when preparing a petition or other document for filing, to "sign the document and print on the document the preparer's name and address." 11 U.S.C. § 110(b)(1). If the preparer "is not an individual, then an officer, principal, responsible person, or partner of the bankruptcy petition preparer" must "sign the document for filing" and provide their name and address. 11 U.S.C. § 110(b)(1)(A)–(B). Subsection (c) states, "[a] bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document." 11 U.S.C. § 110(c)(1). [7] A "document for filing" is defined as "a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title." 11 U.S.C. § 110(a)(2). This is a broad definition that encompasses a wide range of documents filed by bankruptcy petition preparers. See Bradshaw, 233 B.R. at 326 ("petitions, plans, schedules, statements, certifications, motions and other documents filed in bankruptcy cases are each a separate 'document for filing' for purposes of section 110") (collecting cases); see also Moore, 2012 Bankr. LEXIS 4655 at *21, 2012 WL

---

[7] Subsection (c)(2) defines this identifying number as the Social Security account number of the individual preparer or, for a non-individual preparer, the Social Security account number of the officer, principal, responsible person, or partner of the preparer. 11 U.S.C. § 110(c)(2)(A), (c)(2)(B).

8

4659873 at *8. Additionally, subsection (h)(2) requires the bankruptcy petition preparer file "[a] declaration under penalty of perjury … disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case …." 11 U.S.C. § 110(h)(2).

Here, the Debtor filed five documents for filing prepared by the Synergy Defendants: (1) a petition, (2) schedule D, (3) a Rule 2016(b) fee disclosure statement, (4) a creditor mailing matrix, and (5) the Motion to Extend (doc. # 1, ¶¶ 42, 58, 61, 92; case # 19-10010, doc. ## 1, 4).[8] None of these documents contained signatures or disclosures that showed the Synergy Defendants to be acting as a bankruptcy petition preparer, included an identifying number for the preparer, or otherwise indicated someone other than Attorney Katz prepared the petition (doc. # 1, ¶¶ 91, 97–98, 103; case # 19-10010, doc. ## 1, 4). Mr. Marinelli represented to Attorney Katz that the Synergy Defendants would manage the case and draft all petitions and schedules (doc. # 1, ¶ 32), and the Debtor paid the Synergy Defendants $1,250 to prepare and file the Petition Documents (id. at ¶ 90). Despite having made these representations and accepting these payments from the Debtor, the Synergy Defendants failed to disclose the fees they received in the Rule 2016(b) statement (doc. # 1, ¶ 63; case # 19-10010, doc. # 1). Therefore, the Court finds the Synergy Defendants failed to comply with the requirements of § 110(h)(2), and §110(b)(1) and (c)(1) with respect to each of the five documents for filing.

Section 110 also prohibits a bankruptcy petition preparer from giving legal advice and includes several related requirements. Subsection (b)(2) states, "[b]efore preparing any document for filing or accepting any fees from or on behalf of a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice … inform[ing] the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice." 11 U.S.C. § 110(b)(2)(A), (B)(i). This provision further requires each notice to be "signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer" and then "filed with any document for filing." 11 U.S.C. § 110(b)(2)(B)(iii). Subsection (f) directs "[a] bankruptcy petition preparer shall not use the word 'legal' or any similar term in any advertisements, or advertise under any category that includes the word 'legal' or any other similar term." 11 U.S.C. § 110(f).

The Synergy Defendants did not provide the Debtor with the written notice required by § 110(b)(2), or otherwise identify themselves to the Debtor as bankruptcy petition preparers, and did not file the required notice with the Petition Documents (doc. # 1, ¶¶ 91, 94; case # 19-10010, doc. # 1). Moreover, Synergy Law's website describes itself as a "Full Service Law Firm" made up of "legal professionals" and "[o]ur [a]ttorneys" (doc. # 1, ¶¶ 56–57), and Defendant Scott Marinelli similarly

---

[8] The Synergy Defendants also filed a certificate of credit counseling on behalf of the Debtor, but this appears to have been prepared by the credit counseling agency (case # 19-10010, doc. # 1, p. 9).

9

represented Synergy Law as his law firm (id. at ¶ 32). Even the entity names – Synergy Law, LLC, and Synergy Attorney Services, LLC – suggest the Synergy Defendants provided legal services. See Shippy, 2019 Bankr. LEXIS 2458, at *11, 2019 WL 3713684 at *4; see also In re Ali, 230 B.R. 477, 482 (Bankr. E.D.N.Y. 1999) (collecting cases and ruling that 11 U.S.C. § 110(f) "prohibits the bankruptcy petition preparer from using the word 'legal' or similar terms, such as 'law,' in advertising for bankruptcy business."). Accordingly, the Court finds the Synergy Defendants failed to comply with the requirements of § 110(b)(2) and (f).[9]

Additionally, section 110 includes several filing requirements. A bankruptcy petition preparer must provide the debtor with a copy of any document for filing "not later than the time at which [it] is presented for the debtor's signature …." 11 U.S.C. § 110(d). The bankruptcy petition preparer may not "execute any document on behalf of a debtor." 11 U.S.C. § 110(e)(1). Further, the preparer may not "collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition." 11 U.S.C. § 110(g).

The Synergy Defendants signed the Debtor's name on two documents: the petition and the creditor mailing matrix (doc. # 1, ¶¶ 91, 100; case # 19-10010, doc. # 1, pp. 6, 13), and did not provide a copy of the Petition Documents to the Debtor at the time of signature (doc. # 1, ¶ 99). The Synergy Defendants also paid the filing fee in this case, which they collected from the Debtor (id. at ¶¶ 60, 102). Thus, the Court finds the Synergy Defendants failed to comply with the requirements of § 110(d) and (g), and § 110(e)(1) with respect to each of the two documents executed on behalf of the Debtor.

The Synergy Defendants received $1,250 from the Debtor and the Debtor's father in this case (id. at ¶¶ 50, 114). Some of the $1,250 was related to unauthorized debits made by the Synergy Defendants, and, although the Debtor's bank may have credited his bank account for some of those unauthorized debits, there is no evidence in the record the Synergy Defendants refunded the Debtor any portion of the fees paid (id at ¶ 115). The Court finds disgorgement to the Debtor of the $1,250 in fees is appropriate, and warranted, under § 110(h)(3) for the Synergy Defendants' failure to comply with the requirements of § 110(b)(1), (b)(2), (c)(1), (d), (e)(1), (f), (g), and (h)(2).[10]

## ii. *Fines under § 110(l)(1) and Treble Fines under § 110(l)(2)*

Section 110(l)(1) states, "[a] bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for <u>each such failure</u>." 11 U.S.C. § 110(l)(1) (emphasis added). Courts have found that each document filed is a separate violation

---

[9] The UST appears to argue that the Synergy Defendants also violated § 110(e)(2) by offering the Debtor legal advice (doc. # 1, ¶ 119). However, the Complaint does not allege any specific legal advice the Synergy Defendants provided to the Debtor.

[10] The UST also requests the Court examine transactions between the Debtor, Attorney Katz, and the Synergy Defendants, and order disgorgement of any fees deemed unreasonable under § 329 (doc. # 1, ¶¶ 84, 143). As the Court has found disgorgement is warranted under § 110(h)(3), there is no need to separately address § 329 as an alternative basis for that relief.

10

giving rise to a separate fine. See In re Walters, 2012 Bankr. LEXIS 4874, *5, 2012 WL 4904542, *2 (Bankr. D.N.M. Oct. 15, 2012) (citing In re Herrera, 483 B.R. 222 (Bankr. D. Colo. 2012) and In re Springs, 358 B.R. 236, 242 (Bankr. M.D.N.C. 2006)). Section 110(l)(2) further provides, "[t]he Court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court finds that a bankruptcy petition preparer … prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer." 11 U.S.C. § 110(l)(2)(D) (emphasis added).

The Court found above that the Synergy Defendants failed to comply with the requirements of § 110(b)(2), (d), (e)(1), (f), (g), and (h)(2) (six separate violations), § 110(b)(1) and (c)(1) with respect to each of the five documents for filing (ten separate violations), and § 110(e)(1) with respect to each of the two documents executed on behalf of the Debtor (two separate violations), for a total of eighteen separate violations. The Synergy Defendants also failed to disclose their identity in any manner on the Petition Documents and Motion to Extend (doc. # 1, ¶¶ 91, 97–98, 103; case # 19-10010, doc. ## 1, 4). The Court is thus required by § 110(l)(2) to triple any fines imposed under § 110(l)(1).

The maximum fine of $500 for each violation is particularly appropriate here because this case is part of a series of cases in which the Synergy Defendants have failed to disclose their identity under § 110 and, in some cases, they even instructed debtors to hide their involvement. See In re Bennett, case # 18-10346 (Bankr. D. Vt. September 25, 2019) (finding "[Synergy Law and Mr. Maresca] … in fact directed the [d]ebtor to hide the fact that she was working with Synergy Law"); see also Lashinsky v. Synergy Law, LLC (In re Gunzinger), Adv. Proc. # 18-05126 (Bankr. D. Kan. Jan. 4, 2019) (granting default judgment where complaint alleged "Synergy instructed [the debtor] not to disclose to anyone that they had advised her about filing for bankruptcy.").

Accordingly, the Court finds fines of $9,000 are appropriate and warranted pursuant to § 110(l)(1), as a fine of $500 for each of the Synergy Defendants' eighteen violations of the § 110 requirements. The Court further finds these fines must be tripled pursuant to § 110(l)(2), for total fines in the amount of $27,000.

      G.      INJUNCTIVE RELIEF IS WARRANTED BUT STAYED AGAINST SYNERGY LAW

In addition to requiring disgorgement of fees and imposition of fines, § 110(j)(2) empowers the Court to enjoin the activities of bankruptcy petition preparers who violate § 110. Section 110(j)(2) provides:

> (A) In an action under paragraph (1), if the court finds that—
>    (i) a bankruptcy petition preparer has—
>       (I) engaged in conduct in violation of this section or of any provision of this title;
>       (II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or

11

        (III) engaged in any other fraudulent, unfair, or deceptive conduct; and
    (ii) injunctive relief is appropriate to prevent the recurrence of such conduct, the court may enjoin the bankruptcy petition preparer from engaging in such conduct.
  (B) If the court finds that a bankruptcy petition preparer has continually engaged in conduct described in subclause (I), (II), or (III) of clause (i) and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, has not paid a penalty imposed under this section, or failed to disgorge all fees ordered by the court[,] the court may enjoin the person from acting as a bankruptcy petition preparer.

11 U.S.C. § 110(j)(2).

    There is clear evidence that previous injunctions against Synergy Law have not been sufficient to deter the Synergy Defendants from engaging in the same, violative conduct which is at issue in this case. In Gunzinger, Adv. Proc. # 18-05126 (Bankr. D. Kan. Jan. 4, 2019), the Honorable Robert E. Nugent issued an injunction preventing Synergy Law or any related entity from acting as a debt relief agency or bankruptcy petition preparer in all federal jurisdictions. This nationwide injunction appears to still be in effect, as there is nothing in the docket of that proceeding or the underlying bankruptcy case indicating it has been lifted. Hence, Synergy Law has violated that injunction by its conduct in this case.

    The Synergy Defendants have also been enjoined in several individual districts. Two decisions from the United States Bankruptcy Court for the District of South Carolina enjoined Synergy Law from appearing in or assisting with any potential or existing bankruptcy case in that District. See Shippy, 2019 Bankr. LEXIS 2458 at *17, 2019 WL 3713684 at *6; see also In re Weathers, 2019 Bankr. LEXIS 2479, *19, 2019 WL 3856935, *7 (Bankr. D. S.C. May 20, 2019). The United States Bankruptcy Court for the Southern District of Texas has also issued an agreed preliminary injunction barring "Synergy Law, its agents, employees, and all other persons in active concert and participation with Synergy Law … from operating as … a bankruptcy petition preparer as defined under the Bankruptcy Code in the Southern District of Texas." In re Synergy Law LLC, Misc. Proc. No. 19-00302 (Bankr. S.D. Tex. Mar. 7, 2019).

    Additionally, there is evidence the Synergy Defendants have failed to pay penalties under section 110 in at least some of these cases. See Shippy, 2019 Bankr. LEXIS 2458 at *14, 2019 WL 3713684 at *5 ("The UST, who is also involved in the [Weathers] case, informed the Court that Synergy failed to remit the required payments [for its violations of § 110].").

    The Court recognizes the nationwide injunction currently in place against Synergy Law and finds its misconduct in this case warrants the imposition of further injunctive relief. However, since that entity filed a chapter 7 bankruptcy case, see In re Synergy Law, LLC, case # 19-00555-SMT, this Court is stayed from imposing any further injunction at this time.

    As to Defendants Synergy Services, Scott Marinelli, Dave Maresca, Monica Chapman, Stephanie

Turk, and Terrylle Blackstone, though, the Court finds it necessary and appropriate to permanently enjoin them from assisting any person in filing for bankruptcy relief in the District of Vermont.

    H.        SYNERGY LAW AND SYNERGY SERVICES MUST PAY CIVIL PENALTIES UNDER § 526(C)(5)

The Court turns next to the UST's allegations under Bankruptcy Code §§ 526 and 528. The UST asks the Court to impose civil penalties pursuant to § 526(c)(5) for intentional violation of § 526(a)(3) and § 528(a)(1)(A), (a)(1)(B), (a)(2), and (b)(2) (doc. # 1).[11] Because Synergy Law and Synergy Services acted as debt relief agencies in this case, their conduct falls within the purview of §§ 526 and 528.

Section 528 imposes several requirements on debt relief agencies, including, in relevant part, that

> (a) A debt relief agency shall—
> (1) not later than 5 business days after the first date on which such agency provides any bankruptcy assistance services to an assisted person, but prior to such assisted person's petition under this title being filed, execute a written contract with such assisted person that explains clearly and conspicuously—
>     (A) the services such agency will provide to such assisted person; and
>     (B) the fees or charges for such services, and the terms of payment;
> (2) provide the assisted person with a copy of the fully executed and completed contract;
>   …
> (b)
>   …
> (2) An advertisement, directed to the general public, indicating that the debt relief agency provides assistance with respect to credit defaults, mortgage foreclosures, eviction proceedings, excessive debt, debt collection pressure, or inability to pay any consumer debt shall—
>     (A) disclose clearly and conspicuously in such advertisement that the assistance may involve bankruptcy relief under this title; and
>     (B) include the following statement: "We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code." or a substantially similar statement.

11 USCS § 528(a)(1), (a)(2), (b)(2). Bankruptcy Code § 526 incorporates the requirements of § 528 and further requires that a debt relief agency not misrepresent the services it will provide. 11 U.S.C. § 526(a)(3)(A), (c)(1). The Court may impose an appropriate civil penalty against a debt relief agency that intentionally violates, or engages in a clear and consistent practice of violating, those requirements. See 11 U.S.C. § 526(c)(5); see also Jonak v. McDermott, 511 B.R. 586, 600 (D. Minn. 2014) ("Remedies for violations of §§ 526-28 may take the form of a civil action … [i]n the case of intentional violations, or a pattern or practice of clear and consistent violations, the court may … impose an appropriate civil penalty.").

---

[11] The Complaint also seeks disgorgement of fees and injunction under § 526 (doc. # 1). As the Court has found disgorgement is warranted under § 110(h)(3) and has addressed injunctive relief under § 110(j)(2) (see Sections F(i) and G, supra), there is no need to separately address § 526 as an alternative basis for that relief.

Here, Synergy Law and Synergy Services did not provide the Debtor with a written contract specifying the services to be provided, the fees for their services, or the payment terms (doc. # 1, ¶¶ 139 - 142). Synergy Law and Synergy Services did not advertise themselves as a debt relief agency (id. at ¶¶ 137–138), but rather misrepresented themselves to be a law firm that offered, inter alia, excellent foreclosure defense (id. at ¶¶ 32, 56–57, 118–19, 130–31). Synergy Law and Synergy Services further misrepresented to Attorney Katz and the Debtor that they would prepare all the necessary bankruptcy documents. Instead, they only prepared and filed the bare-bones Petition Documents and Motion to Extend (id. at ¶¶ 32, 134; case # 19-10010, doc. ## 1, 4).

Moreover, Synergy Law and Synergy Services have engaged in a clear and consistent pattern of violating these provisions, having been sanctioned by numerous bankruptcy courts for the same misconduct evidenced in this case. See, e.g., McNeil, Adv. Proc. # 19-00014 (E.D.N.C. Jul 29, 2019) (fining Synergy Law and Synergy Services $10,000 under § 526(c)(5)); Miller et al. v. Synergy Law LLC and Synergy Attorney Services, LLC (In re Frieze), Adv. Proc. # 19-06005 (Bankr. M.D.N.C. May 9, 2019) ($1,000); Crocker v. Rowe et al. (In re Cornett), Adv. Proc. # 18-05004 (D. Kan. Feb. 27, 2018) ($10,000); accord Shippy, 2019 Bankr. LEXIS 2458, 2019 WL 3713684 (finding violations of § 110); Weathers, 2019 Bankr. LEXIS 2479, 2019 WL 3856935 (same); Gunzinger, Adv. Proc. # 18-05126 (Bankr. D. Kan. Jan. 4, 2019) (same); McDermott v. Synergy Law, LLC (In re Rogers), Adv. Proc. # 19-03058 (Bankr. E.D. Mich. Aug. 6, 2019) (same). Thus, the Court finds Synergy Law and Synergy Services violated the requirements of § 528(a)(1)(A), (a)(1)(B), (a)(2), and (b)(2) and § 526(a)(3)(A),[12] and a civil penalty is warranted under § 526(c)(5).

While § 526 does not specify a range or formula to determine the amount of such a civil penalty, it "should be designed to deter the offending parties and others from future, similar misconduct." In re Hanawahine, 577 B.R. 573, 580 (Bankr. D. Haw. 2017) (citing In re Huffman, 505 B.R. 726, 766 (Bankr. S.D. Miss. 2014)). In exercising their discretion to impose a civil penalty that sufficiently deters the offending conduct, courts have imposed penalties in varying amounts. See, e.g., Hills v. McDermott (In re Wicker), 702 F.3d 874, 878 (6th Cir. 2012) (affirming $5,000 civil penalty bankruptcy court imposed on debt relief agency under § 526(c)(5)); Hanawahine, 577 B.R. at 580 (imposing a $4,311 penalty equivalent to treble damages); Huffman, 505 B.R. at 766 (imposing a $28,000 penalty as four times the fees charged to the debtor).

Bearing this guidance in mind, the Court finds it appropriate and warranted to impose upon Synergy Law and Synergy Services a civil penalty of $5,000, the equivalent of four times the amount of

---

[12] The UST appears to argue that Synergy Law and Synergy Services also violated § 526(a)(3)(b) by misrepresenting the benefits and risks of filing for bankruptcy relief (doc. # 1, ¶ 128). However, the Complaint does not allege any specific such misrepresentations they made to the Debtor.

the $1,250 fee the Debtor paid in this case, to deter against future such misconduct.

## **CONCLUSION**

Based on the foregoing findings, and in light of the numerous, egregious and deliberate violations of § 110 of the Bankruptcy Code by the Synergy Defendants and of § 526 of the Bankruptcy Code by Synergy Law and Synergy Services, sanctions are both required and warranted to deter the Synergy Defendants, as well as any other entity or individual acting as a bankruptcy petition preparer or debt relief agency, from violating these statutory requirements in this District. As discussed above, however, the allegations in the Complaint do not establish the liability of all Synergy Defendants, and Synergy Law's pending chapter 7 bankruptcy case operates as a stay of some of the relief sought in the Motion. Accordingly, the Court grants the Motion in part, denies the Motion in part, and stays the Motion in part.

This memorandum constitutes the Court's findings of fact and conclusions of law.

September 27, 2019  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

15